The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer.
3. The employer is self-insured, but retains Kemper Risk Management Services as a servicing agent.
4. Plaintiff contends that she contracted an occupational disease, carpal tunnel syndrome, as of June 1998.
5. At the time of the alleged onset of the disease, carpal tunnel syndrome, plaintiff was earning an average weekly wage of $251.65.
6. Plaintiff last worked for defendant-employer in June 1998 and has not returned to work for any employer since leaving the employment of defendant-employer.
7. Plaintiff contends that she is entitled to temporary total and/or temporary partial disability benefits.
8. The deposition of Dr. Jack L. Greider, Jr. is a part of the evidentiary record in this case.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was born on March 3, 1946 and moved to North Carolina in 1996. Prior to 1996 plaintiff lived in Massachusetts where she worked in customer service at Stop and Shop supermarket for 28 years. Plaintiffs job duties at Stop and Shop did not include any cashier work but she input data into a computer about an hour or two per day.
2. In January 1997, plaintiff began working for defendant Lowes Foods as a cashier for about two months. Thereafter, plaintiff was transferred to the office, as a floor person, where her duties included counting money, using the computer, overseeing the cashiers, sometimes restocking candy and gum and running a cash register as needed. At most plaintiff operated a computer for one and a half hours a day. The cash registers used were the scan-type, where merchandise is pulled across a scanner. In this job position, she was not performing constant repetitive hand motions.
3. After plaintiff left her employment with defendant in June 1998, plaintiff began experiencing problems with tingling in her right hand sometime around July 1998.
4. Plaintiff first saw a physician about her hand problems in September 1998 when she went to Duke Medical Center.
5. Plaintiff and her husband moved to Florida in September 1998. After the move, plaintiff sought treatment from Dr. Jack Greider, a hand specialist in Jacksonville, whom she first saw on December 21, 1998. Thereafter, plaintiff was seen by Dr. Greider three more times, March 30, 1999, April 14, 1999 and May 5, 1999.
6. Dr. Greider diagnosed plaintiff with mild carpal tunnel syndrome in her right hand. Plaintiff has no symptoms or evidence of carpal tunnel syndrome in her left hand.
7. Dr. Greiders opinion as to any causal connection is not based upon the actual facts of this case or the greater weight of the evidence, but upon his speculations as to the evidence. Dr. Greider had no information about the specific duties of plaintiffs employment. In fact, Dr. Greider was not aware of the type of register plaintiff operated or the amount of time she actually operated either the register or the computer each day. Therefore, his testimony as to a causal connection between plaintiffs condition and her employment is not persuasive and thus given little weight.
8. The greater weight of the evidence, including Dr. Greiders testimony, does not establish a causal connection within a reasonable degree of medical probability between plaintiffs mild carpal tunnel syndrome in her right hand and her employment with defendant. Furthermore, there is no evidence that plaintiffs carpal tunnel syndrome was due to causes and conditions peculiar to her employment.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff has failed to prove by the greater weight of the evidence that she has sustained a compensable occupational disease as a consequence of her employment with defendant-employer or that her employment with defendant-employer was a significant contributing factor in the development of her carpal tunnel syndrome. N.C. Gen. Stat.97-53(13).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiffs claim must be and the same is hereby Denied.
2. Each side shall bear their own costs. However, defendants shall pay the expert witness fee of $600 previously approved for Dr. Greider, if not already paid.
This the ___ day of March 2001.
 S/____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/________________________ RENE C. RIGGSBEE COMMISSIONER